## UNITED STATES v. G. SIEGLE CO.

(Circuit Court, S. D. New York. November 13, 1909.)

### No. 5,310.

CUSTOMS DUTIES (§ 24*) — CLASSIFICATION — LAKES — "LAKES NOT SPECIALLY PROVIDED FOR"—"COLORS CONTAINING LEAD."

Lakes containing lead are more specifically provided for as "colors * * * containing lead," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 54, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), than as "lakes * * * not specially provided for," under paragraph 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

---

On Application for Review of a Decision by the Board of United States General Appraisers.

Imports assessed with duty by the collector of customs at the port of New York under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), were held by the Board of General Appraisers to be dutiable under paragraph 54, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630). The pertinent portions of these two paragraphs were respectively (1) "lakes * * * not specially provided for," and "colors * * * made of lead or containing lead." The Board's opinion reads in part as follows:

> It is shown that the lakes in question upon analyses were found to contain lead, and the question is therefore whether duty should not have been assessed at the rate of 5 cents per pound under paragraph 54. Manifestly paragraph 58 is the catch-all clause of the paint and color schedule, but it is to be noted that following the provision therein for colors, pigments, lakes, etc., are the words "not otherwise specially provided for in this act," while no such words of limitation are contained in paragraph 54. It was undoubtedly the congressional intent that only such colors and lakes as were not otherwise specially provided for in the paint schedule should be assessed with duty at the rate of 30 per cent. ad valorem under paragraph 58. "Colors" is a blanket term, and would include many things, among others being lakes. The term "lakes" covers a group or subdivision of colors, and either of these terms alone would include the merchandise under consideration, if they are not specially provided for as claimed under paragraph 54. We think, however, that the provision for "other colors * * * when not containing quicksilver but made of lead or containing lead," in paragraph 54, without any words of qualification or restriction, is a more specific provision than that contained in paragraph 58 for lakes "not otherwise specially provided for," and since these lakes are colors shown to contain lead, we sustain the claim that the merchandise is dutiable at the rate of 5 cents per pound under paragraph 54. In all other respects the protests are overruled, the decisions of the collector being modified accordingly.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles D. Lawrence, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

PLATT, District Judge. This appeal relates to the classification for duty of certain "bronze lakes" and "scarlet lakes." They were assessed for duty as "colors" at the rate of 30 per cent. ad valorem under paragraph 58, tariff act of 1897. Various alternative claims are set forth in the importers' protests, but the one upon which they rely principally is that made under paragraph 54 of said act. The Board sustained the protest under said paragraph 54. I agree entirely with the Board's reasoning, and think it unnecessary to add thereto.

Decision affirmed.